65965. WOLFE v. RHODES, d/b/a RHODES AUTO SERVICE.

QUILLIAN, Presiding Judge.

Kathryn Wolfe, the appellant, left her car with Rhodes Auto Service for repair. There is a conflict of opinion as to the extent of repairs authorized and the quality of the repairs made. Ms. Wolfe regained custody of her car by paying for the repairs with a check that she stopped payment on the day before she uttered it. Harold Rhodes brought suit for the amount of repairs and punitive damages and obtained a default judgment against Ms. Wolfe. She brought this action, a Motion to Set Aside Judgment, alleging that service in the original suit was made by leaving a copy of the complaint and summons at the house where she formerly lived. Her testimony was that she lived, off-and-on, with her husband in Augusta at the house where service was made and that in late August 1980 she left her husband with the intent of never returning to Georgia and went to Ohio with her daughter. Ohio was her former legal domicile. She entered her daughter in school in Ohio on September 3, 1980. Service was made on her husband at their residence in Augusta on September 9, 1980. The return reflects: "I have this day served the defendant Kathryn Wolfe, by leaving copy at her residence with James Wolfe. (Husband)," at 2416 Washington Road, Augusta, on September 9, 1980.

Ms. Wolfe admitted that when she lived in Augusta with her husband, they lived at 2416 Washington Road, and "they" attempted

to sell the house but "they" finally rented it after she left. Her husband joined her in Ohio in the latter part of 1980 when he left Augusta. They lived together in Ohio but were divorced in September 1981. She admitted she had received letters mailed to her at 2416 Washington Road on August 22, 1980 and September 30, 1980 — but that she had directed the Post Office to forward her mail to Ohio and had answered the latter letter from Ohio.

The trial court found that the appellant and "Marvin Wolfe" were married at the time of service upon him on September 9, 1980, and that during their marriage they had lived at 2416 Washington Road, Augusta. In the latter part of August appellant went with her daughter to Ohio and enrolled her child in grammar school. Appellant's husband remained at 2416 Washington Road "where service was perfected until December, 1980." Appellee's attorney directed a letter to appellant at the address where service had been perfected and appellant received the letter and responded on September 30, 1980, before the time expired for the filing of an answer to the complaint. The court found that at no time prior to service of process upon the appellant, nor at the time of her response to the correspondence did appellee have notice or knowledge of any intention of appellant to change her usual place of abode.

The court also found "the existence of permanent, familial relationship" between appellant and "Marvin Wolfe" and that she "was not permanently separated from her husband at the time service was perfected upon him even though she was absent from him on a temporary basis" as they "resumed cohabitation soon after service [of process upon him] and [they] lived together for approximately six months [thereafter], whereupon they permanently separated." The court concluded that service had been perfected upon a person of suitable age, discretion, and familial relationship, so that service upon the husband constituted actual notice to the appellant and service was properly made under Code Ann. § 81A-104 (d) (7). *Held:*

The appellant enumerates but one error — that the trial court erred in denying her Motion to Set Aside Judgment, arguing that the trial court lacked personal jurisdiction over her at the time of service of process. We disagree and affirm.

Personal service upon a defendant may be accomplished under our Code, inter alia, "by leaving copies thereof at his [or her] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." CPA § 4 (d) (7) (Code Ann. § 81A-104 (d) (7); Ga. L. 1966, pp. 609, 610, as amended through 1980, pp. 1124, 1125); OCGA § 9-11-4 (d) (7). "The entry of service of the sheriff or his deputy imports verity." *Rupee v. Mobile Home Brokers,* 124

Ga. App. 86, 88 (183 SE2d 34). The return of service is not conclusive, but it is evidence of a high order as to the facts recited therein, and it may be traversed and impeached by proof that such facts are untrue. However, it can only be set aside by evidence which is not only clear and convincing but the strongest of which the nature of the case will admit. Id.; *Attwell v. Heritage Bank Mt. Pleasant,* 161 Ga. App. 193, 194 (291 SE2d 28). The burden to show error in matter reflected in a return of service is on the defendant. *Rupee v. Mobile Home Brokers,* 124 Ga. App. 86, 88, supra; *Adams v. C. & S. Nat. Bank,* 132 Ga. App. 622, 623-624 (208 SE2d 628).

In the instant case, as default judgment had already been entered, appellant raised her defense of lack of jurisdiction over her person by Motion to Set Aside Judgment, and submitted it to the trial court for disposition. This was proper. See CPA § 60 (d) (Code Ann. § 81A-160 (d); OCGA § 9-11-60 (d)). The basis for the Motion was that personal service was not obtained on appellant and the court lacked jurisdiction over her person as she was a non-resident of Georgia when the attempted service was made upon her estranged husband at her former residence. If this defense had been made prior to trial it could have been asserted in a responsive pleading or asserted by motion (CPA § 12 (b) (Code Ann. § 81A-112 (b); OCGA § 9-11-12 (b) (2))) and resolved in the usual manner. See *Smiley v. Davenport,* 139 Ga. App. 753, 757-758 (229 SE2d 489). However, because this defense was raised by Motion, after judgment, the trial court sits as the trier of fact. *Montgomery v. USS Agri-Chemical Div.,* 155 Ga. App. 189 (1) (270 SE2d 362). The trial court found a continuing familial relationship between appellant and her resident husband in Augusta; that she was not permanently separated from him at the time service was perfected; that she had the title to their house changed to her name after she claimed they had separated but she permitted him to continue to live in the house; and that they continued to cohabit as soon as he disposed of the house and joined her in Ohio where they continued their familial relationship for another six months before he filed for divorce.

When a non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is "any evidence" to support it. *Azar v. Accurate Constr. Co.,* 146 Ga. App. 326 (2) (246 SE2d 381). This "any evidence" test is the same as the "clearly erroneous" test for findings of fact by the trial judge required by CPA § 52 (a) (Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171)); OCGA § 9-11-52. *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (1) (211 SE2d 635). Hence where there is "any evidence" to support the trial court's findings, they are binding upon this court. *Brown v.*

*Bailey,* 140 Ga. App. 364 (231 SE2d 136). There is evidence of record to support the trial court's finding that appellant was a legal resident of 2416 Washington Road in Augusta with her husband when service was made — and we must affirm. *SETAC Corp. v. Stephens Lumber Co.,* 159 Ga. App. 285, 286 (283 SE2d 351).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 6, 1983 —
REHEARING DENIED JUNE 8, 1983 —

*S. Alan Schlact, Paul H. Kehir,* for appellant.
*Daniel J. Craig,* for appellee.