## 69974. MACON AUTO CLEANERS v. STATE OF GEORGIA.
### (332 SE2d 324)

SOGNIER, Judge.

The State of Georgia filed a petition to condemn a 1976 Dodge Club Wagon ("van") owned by T & T Motors which was seized on October 8, 1983, in connection with an illegal gambling and dogfighting operation. Service was made on Macon Auto Cleaners (MAC) which answered alleging it was the holder of a duly perfected security interest and lien upon the van. After a hearing on the matter, the trial court found that MAC was not a bona fide lienholder having priority over the State's claim and authorized the State to proceed with the condemnation. MAC appeals.

1. Appellant contends the trial court erred by finding that it did not hold a valid lien with priority over the State's claim because there was no evidence to support the trial court's finding. We disagree with appellant's contention. "When a non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is 'any evidence' to support it. [Cit.]" *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983). There was evidence before the trial court that T & T Motors applied for title to the van on September 23, 1983, and that no lien or security interest holder was reflected on the certificate issued. This certificate of title was on record at the time the State seized the van on October 8, 1983. This certificate of title was canceled on the records of the State Department of Revenue, Motor Vehicle Division, when an application for title was made November 2, 1983, over three weeks after the State's seizure of the van. The new certificate issued in the name of T & T Motors reflected that appellant was a security interest holder and that its security interest had been created September 26, 1983. As evidence of the security interest, appellant offered into evidence a check apparently dated September 22, 1983, and a promissory note and a guaranty agreement both dated September 26, 1983. The record reveals that the check from appellant to T & T Motors was dated four days before the execution of the alleged promissory note; that the check cleared the bank October 11, 1983, three days after the van was seized; and that the check was altered after its return from the bank to reflect the notation "(Loan) 1976 Dodge Van" and serial number. Further, the guaranty agreement between the parties stated that appellant was the *debtor* under the agreement and T & T Motors was the secured party. Thus, we find the record supports the trial court's finding that at the time of

seizure appellant did not hold a valid lien with priority over the State's condemnation claim to the seized van.

2. Appellant contends the trial court erred by holding that the State was authorized to condemn the van. Appellant argues that the State has no authority under OCGA § 16-12-37 to seize and condemn the van. OCGA § 16-12-32 (b) provides that "[a]ll property used in, intended for use in, used to facilitate, or derived from or realized through *a violation of this article* . . . is declared to be contraband and may be seized and forfeited as provided in this Code section." (Emphasis supplied.) Pretermitting the State's assertion that appellant has no valid property interest in the van and is thus without standing to challenge the condemnation, the record supports a finding that the van (property as defined in OCGA § 16-12-32 (a)) was used to transport two fighting dogs to the scene of dogfights and was thus used to facilitate a dogfight in violation of OCGA § 16-12-37. Because the van was used in facilitating a violation of a statute in the applicable article, the trial court correctly authorized the State to condemn the van as provided in OCGA § 16-12-32.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 31, 1985.

*Denmark Groover, Jr.,* for appellant.

*J. Brown Moseley, District Attorney, William F. Riley, Assistant District Attorney,* for appellee.