### 69964. SMITH v. WOOD.
(331 SE2d 636)

Benham, Judge.

Appellant, the owner and operator of a personal care home in Atlanta, Fulton County, Georgia, was sued by appellee, a former resident, for breach of contract, negligence, and violation of the Fair Business Practices Act (OCGA § 10-1-390 et seq.). The complaint, filed in the Superior Court of Fulton County, was served on appellant's adult son at the personal care home. Appellant failed to file a timely answer and a default judgment was entered against her. She then moved to set aside the judgment, claiming that she had not been served with process in accordance with OCGA § 9-11-4 (7). She filed affidavits stating that at the time in question she resided in DeKalb County and used the care home address as her business address. Appellee filed counter-affidavits stating that appellant did in fact live at the care home. The trial court denied the motion to set aside, and appellant filed a notice of appeal of the denial and the underlying judgment. We affirm.

1. Appellant contends that the trial court erred in refusing to set aside the judgment because it had no personal jurisdiction over appellant due to defective service and improper venue. We disagree. When the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Wolfe v. Rhodes, 166 Ga. App. 845, 847 (305 SE2d 606) (1983). Our standard of review in this regard is the "any evidence" rule, and absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a judgment. Id.; Powell v. Darby Bank &c. Co., 163 Ga. App. 524 (2) (295 SE2d 222) (1982).

Appellee filed an affidavit given by the deputy sheriff who served the process. The deputy stated that on the date of service, he arrived at the personal care home and was met at the door by appellant's adult son, who told the deputy that his mother was not home but would be returning. The deputy, after ascertaining that both appellant and her son resided at the care home and that the son was a proper person with whom he could leave the papers, left a copy of the summons and complaint with him and instructed him to bring them to appellant's attention. The affidavit comports with the return of service, which is evidence of the highest order. Woods v. Congress Fi-

*nancial Corp.*, 149 Ga. App. 156, 157 (253 SE2d 834) (1979). The evidence is sufficient to uphold the trial court's ruling under the applicable standard of review.

2. Since the trial court's ruling was supported by the evidence of appellant's residence in Fulton County, venue was proper. Ga. Const. 1983, Art. VI, Sec. II, Par. VI. We also note that appellant's notice of appeal was timely only as it related to the denial of the motion to set aside the judgment and not to the judgment itself, since the latter had been entered more than 30 days before the notice of appeal was filed. OCGA § 5-6-38 (a); *Dutton v. Dykes*, 159 Ga. App. 48 (2) (283 SE2d 28) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 21, 1985.

*Harold A. Horne, Jr.*, for appellant.
*Dina Fein, Thomas D. Sutton, Carolyn S. Weeks*, for appellee.