## S89A0117. OPERATION RESCUE et al. v. CITY OF ATLANTA.
(386 SE2d 126)

SMITH, Justice.

The appellee, City of Atlanta, obtained an interlocutory injunction against the appellants, Operation Rescue et al. For the following reasons, we reverse.

The City filed its motion for injunctive relief in the Fulton County Superior Court on Friday, September 30, 1988; a Rule Nisi order fixing the hearing for 2:30 p.m. on Wednesday, October 4th was attached to the motion. Three of the ten named defendants were served at 3:00 p.m. on Tuesday, October 3rd. The others were served later that night. During the hearing, the appellants' attorney, Mr.

Fierer, made a motion for a twenty-four hour continuance; it was denied.[1]

The appellants argue that the trial court erred in entering the interlocutory injunction because they were not given at least five days notice before the hearing as required by OCGA § 9-11-6 (d).[2] We agree with the appellees that the trial court is permitted by statute to fix another time, and it did so in the Rule Nisi order.

The right of the court to set another date for the hearing affects only the five-day rule which is found in the first sentence of OCGA § 9-11-6 (d). The last sentence of the same subsection grants an opposing party the right to file opposing affidavits up to one day before the hearing. The court cannot deny an opposing party its statutory right to file opposing affidavits up to one day before the scheduled hearing. OCGA § 9-11-6 (d); *Goodwin v. Richmond*, 182 Ga. App. 745 (356 SE2d 888) (1987). Three of the ten named defendants accepted service of the thirty-three pages containing the motion, accompanying affidavits, and exhibits a mere two hours before the 5:00 p.m. closing of the Fulton County Superior Court Clerk's office on the day before the scheduled hearing. The other defendants were served that night.

> Lack of notice of the hearing date meant that nothing triggered notice to [the appellants] of [their] cut-off date for filing opposing affidavits. Therefore, not surprisingly, when the trial judge heard the motion for [the interlocutory injunction], there were no opposing affidavits.[3] [Id. at 746.]

---

[1] Despite the fact that the city attorney had reason to know that Mr. Fierer represented the defendants, he was not given the courtesy of being informed about the City's actions. Mr Fierer stated to the court that he had defended approximately 776 cases involving Operation Rescue. He stated to the court that he did not know about the hearing until approximately two hours before it was to begin.

[2] OCGA § 9-11-6 (d) is as follows:
A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion. Opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.

[3] The following colloquy between Mr. Fierer and the trial judge took place during the hearing on the motion for the interlocutory injunction:
"Mr. Fierer: Well, your honor, in light of your honor's suggestion that the proper way to present evidence is by affidavit, obviously, I have no affidavits, having not been given enough opportunity to prepare them."
Later Mr. Fierer stated: "I say to the court, most respectfully, that some of the allegations made would be refuted by better evidence were we to have the opportunity to present it."
Before granting the motion, the trial judge stated:
[I] intend to give [the City] an order on conduct of how these demonstrations are going to take place because you come into the arena with a complaint and your

We hold that the defendants were deprived of their statutory right, pursuant to OCGA § 9-11-6 (d), to file opposing affidavits up to one day before the scheduled hearing on the City's motion for the interlocutory injunction.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1989 —
RECONSIDERATION DENIED DECEMBER 20, 1989.

*Gambrell, Clarke, Anderson & Stolz, James L. Paul, Russell R. Grosse,* for appellants.

*Marva Jones Brooks, Joe M. Harris, Jr., Robin Schurr Phillips,* for appellee.

---

evidence warrants it. There is nothing to refute your evidence. It is in the complaint and it is in the record. Mr. Fierer says he has *nothing* to — *in opposition. . . .*"
[*Emphasis supplied.*]