A99A0246. HERRINGDINE v. NALLEY EQUIPMENT LEASING, LTD.
(517 SE2d 571)

ELDRIDGE, Judge.

On January 27, 1995, a verdict and judgment was rendered against Jesse Walter Herringdine, a/k/a J. W. Herringdine, a/k/a J. Walter Herringdine, defendant-appellant, individually in Civil Action 91-A-37217-2, State Court of DeKalb County.

On January 13, 1998, defendant filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d) (2) on the basis of "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." The matter was docketed as a new and separate action, Civil Action Number 98-A-40835-2. Nalley Equipment Leasing, Ltd. ("Nalley"), the plaintiff-appellee, timely answered. Nalley filed a motion for summary judgment and requested oral argument on its motion. In two separate written requests, defendant asked for oral argument on the motions to set aside and summary judgment under USCR 6.3. Defendant also filed his response to Nalley's motion for summary judgment.

Without a hearing or prior notice, the trial court entered an order dismissing the motion to set aside. Defendant's request for discretionary appeal was granted, and a notice of appeal was filed.

1. Defendant's first and second enumerations of error go to the dismissal of the motion to set aside because it was improperly filed as a separate action, and the defendant contends that the trial court erred in dismissing the motion for such reason. We agree. However, since the trial court went on to rule on the merits of the motion to set aside, the case can be decided on the merits without a remand.

Under the Civil Practice Act ("CPA"), liberal pleadings and procedure are mandated. See *Bradberry v. Bradberry*, 232 Ga. 651, 653-654 (4) (208 SE2d 469) (1974). Cases should be decided on the merits, rather than on procedural technicalities. *Ambler v. Archer*, 230 Ga. 281, 286-287 (196 SE2d 858) (1973).

> The rules set forth in the [CPA] are intended to promote and not to obstruct the administration of justice and thus enable the court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation.

(Citation and punctuation omitted.) *Mundt v. Olson*, 155 Ga. App. 145 (270 SE2d 344) (1980). Cases are not to be dismissed except where it appears beyond doubt that the party can prove no set of facts to support the relief sought. *Sheppard v. Yara Eng. Corp.*, 248 Ga. 147, 150 (281 SE2d 586) (1981). Under OCGA § 9-11-8 (f) "[a]ll pleadings shall be so construed as to do substantial justice." "The 'title' applied to pleadings is not binding on the court; we judge a pleadings by its contents, not by its name. *Frost v. Frost*, 235 Ga. 672, 674 (1) (221 SE2d 567) [(1975)]." *Bank of Cumming v. Moseley*, 243 Ga. 858, 859 (257 SE2d 278) (1979). Where justice requires, the court should treat pleadings as if there had been a proper designation. *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 580 (1) (260 SE2d 523) (1979).

Defendant's

complaint was an effort to set aside the judgment of the [trial] court because of fraud. As such efforts are properly brought as motions to set aside the judgment under OCGA § 9-11-60 (d) (2), and as it is the substance and function of the pleadings which are determinative (*Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845) [(1973)]), we must treat [defendant's] complaint as a motion to set aside the judgment in which relief was denied.

*Manley v. Jones*, 203 Ga. App. 173, 174 (416 SE2d 744) (1992).

It is well established however, that there is "no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey*, [supra at 227]. Since the [separate action to set aside] fulfills all the requirements of a [motion to set aside] under [OCGA § 9-11-60 (d) (2)], it will be so construed.

*Frost v. Frost*, supra at 674.

2. Defendant's third and fourth enumerations of error are that the trial court erred in dismissing his motion because he "failed to provide the court with the original affidavit of the forensic document examiner, attaching only a copy to his motion," and he "failed to provide the trial court with any evidence of the alleged forgery or fraud."

Since the motion to set aside the judgment was not a separate action but a post judgment proceeding in the case, then summary judgment was not a proper procedural motion to address the post judgment issues. A motion to set aside the judgment under OCGA § 9-11-60 (d) is a distinct procedure where the trial judge is the finder of fact.

Thus, the issue is when does evidence have to be tendered to the trial court in order to decide the motion to set aside judgment?

The trial court shall give directions as to how evidence is to be presented, either by affidavit, deposition, oral testimony, or any combination, and notice of any hearing on the motion to set aside the judgment. See OCGA §§ 9-11-43 (b); 9-11-60 (d) (2); *Johnson v. Johnson*, 244 Ga. 155-156 (2) (259 SE2d 88) (1979); *Johnson v. Aetna Fin.*, 139 Ga. App. 452, 453 (2) (228 SE2d 299) (1976). However, absent a written request in a separate pleading requesting an oral hearing, the trial court can properly hold no oral argument, which would put counsel on notice that they must file of record their evidence immediately. USCR 6.3. In this case even though the defendant made a written request for oral argument, as did the plaintiff, both on the motion to set aside and for summary judgment, no hearing was conducted and no order either granting or denying the requests was sent, which also would tell counsel when they must file their evidence in the event that it had not been done previously; the better practice is for the trial court in writing to either grant or deny the oral argument or otherwise inform counsel when the evidence had to be filed of record. USCR 6.3; *Montgomery v. City of Sylvania*, 189 Ga. App. 515 (376 SE2d 403) (1988). Further, OCGA § 9-11-6 (d) requires that motions supported by affidavits be filed with the motion, however, the trial court has the discretion to extend the time in a proper case to file such evidence. *Riberglass, Inc. v. ECO Chem. Specialties*, 194 Ga. App. 417, 419 (1) (390 SE2d 616) (1990); *Wall v. C & S Bank of Houston County*, 145 Ga. App. 76, 78-79 (243 SE2d 271) (1978), overruled on other grounds, *McKeever v. State of Ga.*, 189 Ga. App. 445 (375 SE2d 899) (1988). Therefore, Herringdine had to file his evidence with his motion to set aside the judgment or request an extension of time to file so that the other side has adequate notice and opportunity to respond to such evidence; however, he did neither. See *Southwest Ga. Prod. Credit Assn. v. Wainwright*, 241 Ga. 355, 356 (1) (245 SE2d 306) (1978); *Bailey v. Dunn*, 158 Ga. App. 347, 348 (280 SE2d 388) (1981); *Fairington, Inc. v. Yeargin Constr. Co.*, 144 Ga. App. 491, 492 (1) (241 SE2d 608) (1978). The opposing affidavits or evidence must be filed one day prior to any hearing. *Operation Rescue v. City of Atlanta*, 259 Ga. 676, 677-678 (386 SE2d 126) (1989). However, the respondent, in the absence of a notice of a hearing filed with the motion, runs the risk of having no evidence in the record if no hearing is requested or granted by the trial court. The hearing or determination by the trial court cannot come less than five days after the filing of the motion unless the trial court in its discretion orders either a longer or shorter period. *Burger Chef Sys. v. Newton*, 126 Ga. App. 636, 638-639 (1) (191 SE2d 479) (1972). For either party to file affidavits after the statutory prescribed time requires a request for exten-

sion and leave of the court or a finding of excusable neglect and of an extension by the trial court. *Big Canoe Corp. v. Williamson*, 168 Ga. App. 179, 180-181 (308 SE2d 440) (1983); *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448, 449 (1) (278 SE2d 40) (1981). In this case, Herringdine failed to comply with the statutory requirements of filing his affidavits and other evidence.

Under OCGA § 9-11-60 (d) (2), oral argument and hearing on a motion to set aside judgment under the amended 1987 Uniform Superior Court Rules is at the discretion of the trial judge, whether or not such hearing is requested by the parties. USCR 6.3; *Montgomery v. City of Sylvania*, supra. Absent a hearing, there arises a problem as to how and when evidence is tendered. See OCGA § 9-11-43 (b). The trial judge decides all factual issues before the court. See *Wright v. Archer*, 210 Ga. App. 607, 608 (1) (436 SE2d 775) (1993); *Smith v. Wood*, 174 Ga. App. 799 (1) (331 SE2d 636) (1985); *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983); *Montgomery v. USS Agri-Chemical Div.*, 155 Ga. App. 189, 190 (1) (270 SE2d 362) (1980).

Prior to the 1987 rules amendment, the trial court would hold a hearing where affidavits, depositions, documentary evidence, and limited oral testimony were received, which remains the better practice. OCGA § 9-11-43 (b). Following the amendment of USCR 6.3, parties who desire to raise evidentiary issues must attach affidavits to their pleadings to insure that such evidence is put before the trial court. See *Montgomery v. USS Agri-Chemical Div.*, supra. Now the trial court can ignore a request for oral argument. However, when the trial court decides an OCGA § 9-11-60 (d) (2) motion without a hearing, this creates certain procedural problems regarding the tender of evidence.

Nalley did not file a motion to dismiss; the trial court acted sua sponte to dismiss the OCGA § 9-11-60 (d) (2) motion before it without a hearing, although such hearing was requested in writing by both parties. Since the trial court sits as trier of fact, an OCGA § 9-11-43 (b) evidentiary hearing allows the trial judge to decide disputed issues of fact and make favorable or unfavorable inferences.

OCGA § 9-11-60 (d) sets forth no procedure to follow where there exist (1) legal issues only; (2) undisputed factual issues or mixed questions of law and fact; or (3) disputed issues of material fact, because the trial court does not have to hold a hearing under the Uniform Court Rules. See USCR 6.3; *Montgomery v. City of Sylvania*, supra at 517 (1); see also *Wolfe v. Rhodes*, supra at 847; *Montgomery v. USS Agri-Chemical Div.*, supra at 190. Thus, construing the provisions of the CPA in pari materia with OCGA § 9-11-60 (d) (2), certain sections give guidance as to how the trial judge must proceed in light of USCR 6.3. See OCGA §§ 9-11-12; 9-11-43 (b); 9-11-56; *Wolfe v.*

*Rhodes*, supra at 847; *Montgomery v. USS Agri-Chemical Div.*, supra at 190. However, if there is a motion to dismiss under OCGA § 9-11-60 (d) for failure to state a claim upon which relief can be granted, i.e., the statutory grounds have not been or cannot be satisfied as a matter of law, then the trial court can decide this without a hearing as a matter of law. See OCGA § 9-11-12 (b) (6); *Stewart v. Turner*, 229 Ga. App. 119, 120 (1) (493 SE2d 251) (1997). If there is a dispute on the merits as to material facts so that conflicting evidence must be introduced, then the trial court may hold an evidentiary hearing and decide the motion on the evidence tendered into the record. OCGA § 9-11-43 (b); USCR 6.3; *Wright v. Archer*, supra; *Smith v. Wood*, supra; *Wolfe v. Rhodes*, supra. Whether the trial court holds a hearing to hear argument, to receive evidence not tendered with the pleadings, or to hear testimony is within the sound discretion of the trial court. OCGA § 9-11-43 (b); USCR 6.3. Thus, in this case, in considering defendant's affidavit evidence on the merits, the trial court properly made a determination based upon the evidence in the record.

In this case, on June 10, 1998, the order of dismissal read "Herringdine failed to provide the Court with the original affidavit of the Forensic Document Examiner, attaching only a photocopy to his motion. Therefore, Herringdine has failed to provide the Court with any evidence of the alleged forgery or fraud. As such, even if the Motion was properly filed, the Motion is denied." The trial court properly decided the motion to set aside the judgment based upon the evidentiary record before it without a hearing or allowing oral testimony.

3. Defendant's fifth enumeration of error is that the trial court erred in finding that the "motion fails due to the doctrines of res judicata, laches, estoppel, and waiver."

(a) OCGA § 9-12-40 provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or *set aside*.

(Emphasis supplied.) This is not a new and separate action but a motion to set aside the very judgment which otherwise would be res judicata in any subsequent action, because until set aside a judgment not void on its face is valid and binding. *Camera Shop v. GAF Corp.*, 130 Ga. App. 88, 90 (202 SE2d 241) (1973). Therefore, res judicata and estoppel by judgment will not bar either a motion to set aside

such judgment or an extraordinary motion for new trial based upon newly discovered evidence. *Roddenberry v. Roddenberry*, 255 Ga. 715 (342 SE2d 464) (1986); *Smith v. Dept. of Human Resources*, 226 Ga. App. 491, 492-493 (1) (487 SE2d 94) (1997); *Dept. of Human Resources v. Browning*, 210 Ga. App. 546, 547 (1) (a) (436 SE2d 742) (1993).

(b)

> A [motion to set aside under OCGA § 9-11-60 (d) (2)] would have been to no avail if [defendant] knew or should have in the exercise of reasonable diligence discovered th[e] ground [of fraud]. This same diligence rule applies where [defendant] uses a motion to set aside the judgment and he is precluded from using the ground which he had known or could have discovered through reasonable diligence.

(Citations and punctuation omitted.) *Marshall v. Marshall*, 257 Ga. 494, 495 (360 SE2d 572) (1987). Although a motion to set aside judgment was brought within the three years, under OCGA § 9-11-60 (e), such motion may be barred by laches as if an action is in equity. *Lee v. Henson*, 198 Ga. App. 701, 702-703 (402 SE2d 548) (1991). However, it is for the trial court to determine if laches attached from all the facts and circumstances of the case. "The trial court was authorized under these circumstances to conclude that the appellant was estopped by laches from seeking to set aside the dismissal on the equitable grounds set forth in OCGA § 9-11-60 (d) (2)." Id. at 702-703. Laches is a factual determination for the trial court to make based upon the evidence in the record; Herringdine failed to present evidence on the record on such issue. OCGA § 9-11-43 (b).

4. Defendant's sixth and seventh enumerations of error are that the trial court erred in dismissing the motion to set aside the judgment on the grounds that the defendant failed to raise the issue of forgery prior to summary judgment and trial and that the fraud alleged does not come within OCGA § 9-11-60 (d) (2). We do not agree.

In his motion to set aside judgment, defendant contended that, long after the judgment was rendered against him, he discovered in November 1997, when he obtained copies of the company's records from the bankruptcy court for the first time, that the alleged lease guaranty dated January 24, 1989, which was the basis for suit, had his signature forged on a manufactured document. Defendant had the lease guaranty examined by a forensic document examiner for forgery, and the expert's opinion was that the document had been manufactured as a computer or photocopy cut and paste job to create defendant's signature. Such was an evidentiary trial defense on the

merits of the case.

"[J]udgment, when obtained in consequence of fraud, is void and may for that reason be set aside [by the trial court under OCGA § 9-11-60 (d) (2) by the trial court]. [Cits.]" *Hogg v. Hogg*, 206 Ga. 691, 694 (2) (58 SE2d 403) (1950). "[I]t must be made to appear in [a motion to set aside], where fraud is claimed, that the fraud was perpetrated by the adverse party, his counsel or agent." *Pike v. Andrews*, 210 Ga. 553, 555 (81 SE2d 817) (1954).

> The general rule is that a court . . . , will set aside a judgment which has been obtained by fraud, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud. The fraud must be actual and positive, and not merely constructive[, i.e., committed in ignorance of the true facts]; there must be perpetration of an intentional wrong[.] . . . A well-established limitation of the general rule is that a judgment can not be vacated for fraud where the particular fraud was in issue in the original proceedings. This limitation on the general principle will not be modified by the fact that additional evidence may have been discovered since the trial to prove the fraud. Nor will a judgment be set aside on the ground that the prevailing party practiced a fraud on the court and on the adverse party by concealing the evidence of his fraud, where the particular fraud, evidence to establish which is alleged to have been concealed, was the issue on trial and there adjudicated.

(Citations and punctuation omitted.) *Walker v. Hall*, 176 Ga. 12, 15-16 (5) (166 SE 757) (1932); see also *Rivers v. Alsup*, 188 Ga. 75, 77 (2) (2 SE2d 632) (1939).

> [A] judgment obtained by an extrinsic or collateral fraud may be set aside in equity [(now by the trial court under OCGA § 9-11-60 (d) (2))]. *Young v. Young*, 188 Ga. 29, 34 (2 SE2d 622) (1939). Fraud is extrinsic or collateral, within the meaning of [OCGA § 9-11-60 (d) (2)], when it is one the effect of which prevents a party from having a trial, or from presenting all of his case to the court, or which operates, not upon matters pertaining to the judgment itself, but to the manner in which it is procured.

(Citations and punctuation omitted.) *Jackson v. Jackson*, 254 Ga. 280, 282 (328 SE2d 733) (1985).

Generally [the trial court under OCGA § 9-11-60 (d) (2)]

will grant no relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could, by the exercise of proper diligence, have prevented the entering of such a judgment. [Cits.]

*Hogg v. Hogg,* supra at 695 (3).

In this case, the fraud was not extrinsic or collateral to the issues at trial, i.e., defendant's liability on a personal lease guaranty, but was intrinsic to the issues litigated, because the forgery went to the heart of Nalley's case. See *Young v. Young,* supra; *Jackson v. Jackson,* supra. Further, defendant admitted in his motion that before judgment, he failed to exercise the proper diligence through discovery prior to trial and at trial prior to admission of the alleged forged document and, because of such failure, did not recognize or challenge such questionable document as forged, but instead made no objection to its admission into evidence. See *Hogg v. Hogg,* supra at 695 (3); see also *Shilliday v. Dunaway,* 220 Ga. App. 406, 408 (1) (469 SE2d 485) (1996).

The defendant, as a matter of law, failed to show that he was entitled to relief from judgment for fraud under OCGA § 9-11-60 (d) (2), because such fraud, i.e., forgery of the personal lease guaranty, did not come within the Code section and he failed to exercise proper diligence to discover the forgery prior to judgment. Therefore, the trial court did not err in dismissing the motion to set aside the judgment. Even if the affidavit of defendant's expert had been properly filed, it could not make out as a matter of law fraud under OCGA § 9-11-60 (d).

5. Defendant's eighth enumeration of error is that the trial court erred in making an OCGA § 9-15-14 (b) award to the plaintiff's for defendant's bringing the OCGA § 9-11-60 (d) (2) motion, because it lacked substantial justification.

The trial court, sua sponte under OCGA § 9-15-14 (b), awarded attorney fees and made findings without holding a hearing and receiving evidence on the issues.

However, the trial court lacked the power or authority under OCGA § 9-15-14 (d) and (f) to make an award without a hearing and evidence as to what reasonable attorney fees were directly caused by the improper conduct. *Montag v. Sutherland,* 230 Ga. App. 692 (498 SE2d 86) (1998); *Hallman v. Emory Univ.,* 225 Ga. App. 247, 252 (4) (483 SE2d 362) (1997) (physical precedent only); *Cohen v. Feldman,* 219 Ga. App. 90, 92 (464 SE2d 237) (1995); *Mitcham v. Blalock,* 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994).

This Court reverses such award and remands the case with directions that the trial court vacate the order awarding attorney

fees, hold a hearing after notice, and receive evidence on the issue of attorney fees under OCGA § 9-15-14 (b).

*Judgment affirmed in part, reversed in part, and remanded with directions. Pope, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED MAY 11, 1999 —
RECONSIDERATION DENIED MAY 25, 1999 — CERT. APPLIED FOR.

*Richardson & Chenggis, George G. Chenggis*, for appellant.
*Bodker, Ramsey & Andrews, Thomas Rosseland*, for appellee.