## A07A0790. BARTHELL v. THE STATE.
(648 SE2d 412)

ANDREWS, Presiding Judge.

Jerome Barthell, sentenced in 1998 pursuant to his plea of guilty to aggravated assault on a peace officer, appeals from the trial court's order of September 25, 2006, which denied his June 26, 2006 motion to vacate void sentence.

An arrest warrant was issued for Barthell on May 23, 1998, for assault on State Trooper Rowe. Because Barthell was on probation for a 1995 conviction of selling cocaine, a probation revocation hearing based on the assault charge was held on July 8, 1998, and the remaining seven years of probation were revoked. That same day, Barthell attempted to enter a plea of guilty to the assault charge under Accusation No. 98-CR-149,[1] but the court did not accept it. On August 18, 1998, Accusation No. 98-CR-182 was filed, charging Barthell with the same aggravated assault against Trooper Rowe. That same day, Barthell entered his guilty plea to that charge and was sentenced to 15 years confinement.

For reasons not clear from the record and transcripts, on November 3, 1999, the trial court sua sponte entered an order vacating the sentence entered on Accusation No. 98-CR-182 because it "duplicate[d] 98-CR-149 to which the defendant had already pled guilty. The plea & sentence in 98-CR-149 remains in full force & effect."[2]

By order of June 6, 2000, the trial court sua sponte entered its order correcting previous orders, setting out the above facts and stating, additionally, that the trial court had "apparently erroneously executed a similar sentence in case number 98-CR-149, for which no plea of guilty was ever properly entered." The trial court nullified its order of November 3, 1999, vacated the sentence entered in 98-CR-149, and reinstated the sentence entered in 98-CR-182 "as fully and effectually as when first executed." Barthell filed his motion to vacate void conviction on June 26, 2006, attacking this order.

There are two terms of court yearly in the Superior Court of Tift County, beginning the second Monday in March and the second Monday in September. OCGA § 15-6-3 (39) (B). Therefore, the plea entered by Barthell to Accusation No. 98-CR-182 was entered in the March 1998 term of court and sentence was imposed during that term. The trial court's November 3, 1999 order was entered in the September 1999 term of court, the third term following the entry of guilty plea and sentence. The June 6, 2000 order was entered in the March 2000 term of court, four terms following the plea and sentence.

---

[1] There is no copy of this accusation in the record before us.
[2] There is no copy of this sentence in the record before us.

[A]lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.

(Citations and punctuation omitted.) *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).

There is no contention that the sentence entered in the March 1998 term was void.[3] Barthell, in his pleadings in the trial court and in his brief in this Court, acknowledges the validity of that sentence. No motion to vacate that sentence having been made during that term of court, the trial court was without authority to vacate it three or four terms later. See *Barlow v. State*, 279 Ga. 870, 872 (621 SE2d 438) (2005); *Tanaka v. Pecqueur*, 268 Ga. App. 380 (601 SE2d 830) (2004).

[I]n order for a trial court to have the power to exercise the subject matter jurisdiction to correct a judgment outside a term of court, the judgment must be, in fact, void. If the judgment is *not* void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed.

(Punctuation omitted; emphasis in original.) *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000). See also *Sanders v. State*, 282 Ga. App. 834, 835 (1) (a) (640 SE2d 353) (2006).

Therefore, since the trial court had no subject matter jurisdiction over the motion filed by Barthell in 2006, and the orders entered in 1999 and 2000 were nullities, this case is remanded back to the trial court with direction to dismiss for lack of subject matter jurisdiction Barthell's 2006 motion. *Sanders v. State*, supra at 836 (1) (c).

*Judgment vacated and case remanded with direction. Ellington and Adams, JJ., concur.*

---

[3] A superior court retains jurisdiction to correct a void sentence even after the expiration of the term of court in which the judgment of conviction is rendered. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). When the sentence imposed falls within the statutory range of punishment, as it did here, the sentence is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Guice v. State*, 282 Ga. App. 747, 748 (2) (639 SE2d 636) (2006).

DECIDED MAY 30, 2007 —
RECONSIDERATION DENIED JUNE 26, 2007.

Jerome Barthell, *pro se.*
C. *Paul Bowden, District Attorney*, for appellee.