**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A0897. ROBERT RAY WHIPKEY v. THE STATE.

RICKMAN, Judge.

Robert Ray Whipkey appeals from an order of the Cobb County Superior Court that both vacated an earlier order discharging and dismissing criminal charges brought against Whipkey in 2010 and adjudicated Whipkey guilty of those charges. In his sole enumeration of error, Whipkey contends that the trial court lacked jurisdiction to vacate the earlier order, which had been entered during a previous term of court. For reasons explained more fully below, we find that the trial court did have jurisdiction to rule on the State's motion. We further find, however, that the State failed to show that it was entitled to have the order of discharge and dismissal set aside. Accordingly, we reverse the trial court's order.

Where, as here, an appeal presents only a question of law involving undisputed facts, we review the trial court's order de novo. *Luangkhot v. State*, 292 Ga. 423, 424 (736 SE2d 397) (2013).

The record shows that in September 2010, Whipkey pled guilty to one count of theft by taking (for stealing items from the Target store where he was employed) and three counts of violating the Georgia Controlled Substances Act[1] (for possession of oxycodone, methamphetamine, and cocaine.) Whipkey entered his plea pursuant to an agreement negotiated with the State and under which the State allowed Whipkey to plead under the Conditional Discharge Statute, OCGA § 16-13-2.[2] Under subsection (a) of that statute, when any person who has not previously been convicted of a crime involving the possession of controlled substances pleads guilty to possessing such drugs,

> the court may without entering a judgment of guilt . . . defer further proceedings and place [such person] on probation upon such reasonable terms and conditions as the court may require . . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed accordingly. Upon fulfillment of the terms and conditions, the

[1] OCGA §16-13-1, et seq.

[2] The full title of that statute is "Conditional Discharge for Possession as a First Offense."

court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Code section shall be without court adjudication of guilt . . . .

OCGA § 16-13-2 (a).

Additionally, subsection (c) of the statute provides that any person charged with possession who is also "charged for the first time with nonviolent property crimes which, in the judgment of the court exercising jurisdiction over such offenses, were related to the accused's addiction to a controlled substance or alcohol" may be sentenced for those property crimes pursuant to the provisions of subsection (a). OCGA § 16-13-2 (c).

During the guilty plea hearing, the prosecutor placed Whipkey under oath and asked him: "You've never pled guilty to any kind of drug offense; is that correct?" Whipkey responded, "Yes, sir." The court accepted Whipkey's plea and placed him on three years probation. After Whipkey completed his probation, the Probation Division of the Georgia Department of Corrections filed a petition for discharge of Whipkey under OCGA § 16-13-2. The trial court granted that petition, and on May 20, 2014, it entered an order of discharge.

On September 24, 2014, the State filed a motion seeking to have Whipkey's discharge set aside and to have Whipkey adjudicated guilty of the previously charged crimes. The State contended that Whipkey was not eligible for discharge under OCGA § 16-13-2 because he previously had been convicted of drug possession and his testimony to the contrary at the plea hearing constituted perjury. In support of its motion, the State attached a copy of Whipkey's 1986 conviction for possession of a controlled substance, entered in Alabama. Whipkey opposed the motion arguing that because it was filed outside the term of court in which the discharge order was entered, the trial court lacked jurisdiction to modify or set aside that order.

The trial court held a hearing on the State's motion, and during that hearing, the State acknowledged that it was aware of Whipkey's 1986 conviction at the time it agreed to allow him to proceed under OCGA § 16-13-2. Specifically, after outlining for the court the fact that Whipkey had lied under oath at the plea hearing, the prosecutor stated: "The State has subsequently – I wouldn't say discovered, because it was actually in the criminal history that was provided to defense counsel at the time

4

[of Whipkey's 2010 guilty plea]. . . . But I have since looked at the [2010] case in preparing for a criminal matter I [currently] have pending" against Whipkey.[3]

Despite the State's admission that at the time of Whitley's perjury, the State had in its possession a copy of Whipkey's criminal history record information (which referenced Whitley's 1986 conviction for possession of a controlled substance), the trial court granted the State's motion, vacated its earlier order, and adjudicated Whipkey guilty of the 2010 crimes. Specifically, the court found that because Whipkey had not been eligible for conditional discharge under OCGA § 16-13-2, his discharge was analogous to a void sentence and therefore could be set aside outside the term of court in which it was entered. Whipkey now appeals from that order.

1. As a general rule, a trial court lacks jurisdiction to modify any judgment – including a defendant's sentence – outside the term of court in which that judgment

_____

[3] The record shows that in March 2014, two months before the order of discharge was filed, Whipkey was indicted on two counts of aggravated child molestation and on a single count each of rape, statutory rape, and aggravated sexual battery. Approximately three weeks before it filed the motion to set aside the order of discharge, the State amended the indictment to charge Whipkey with two counts each of child molestation, enticing a child for indecent purposes, and aggravated child molestation, and a single count each of rape, statutory rape, and aggravated sexual battery.

5

was entered.[4] See *Barthell v. State*, 286 Ga. App. 160, 161 (648 SE2d 412) (2007). See also *Buice v. State*, 272 Ga. 323, 324 (528 SE2d 788) (2000). Under OCGA § 17-9-4, however, where the judgment of a court in a criminal case is "void for . . . any cause," that judgment "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." Thus, "a sentencing court retains jurisdiction to correct a void sentence at any time." (Citation and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). A sentence is void where "the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) Id. at 2 (2).

Here, the State argued, and the trial court found, that because Whipkey was not eligible to proceed under the Conditional Discharge Statute, he was not eligible to be discharged and have his criminal case dismissed without an adjudication of guilt. The trial court then analogized the discharge order to a sentence, and concluded that because the "sentence" of discharge was not allowed under the circumstances of the

---

[4] In this case, the order of discharge was filed during the May term of court, while the order setting aside that discharge was filed during the September term of court. See OCGA § 15-6-3 (11) (providing that Cobb County has six terms of court per year, commencing on the second Monday in January, March, May, July, September, and November).

6

case, that sentence was void, and the court had jurisdiction to set aside the discharge order. This reasoning is flawed for several reasons.

First, the rule that a void sentence can be corrected at any time has been applied only where a defendant is still serving the sentence in question – i.e., while the defendant is still subject to the jurisdiction of the trial court. See, e.g., *Wilford v. State*, 278 Ga. 718, 720 (606 SE2d 252) (2004) (while still serving his time on probation, a defendant who was "improperly found eligible for first offender treatment may have his [probation] revoked and be resentenced under Georgia law.") Neither the State's brief nor the trial court's order, however, cite to any law to support the proposition that the State is authorized to seek modification of an allegedly void sentence after the defendant has satisfied the terms of his probation and been discharged, and this Court has likewise found none.

Nor has the State provided a cogent argument for why the post-discharge modification of a sentence would not violate the Double Jeopardy Clause of the United States and Georgia Constitutions. See *Stephens v. State*, 289 Ga. 758, 764 (2) (b) (716 SE2d 154) (2011) (double jeopardy applies to the sentencing phase of a criminal trial and "prevent[s] a court from imposing additional punishment [when] doing so would upset the defendant's legitimate expectation of finality in a sentence")

7

(citation and punctuation omitted). The cases on which the State relies to support its claim that the trial court's order did not implicate Whipkey's rights against double jeopardy are inapposite. Thus, neither case supports the conclusion that a defendant has no expectation of finality in the disposition of his case after he completes his probation and receives a discharge. See *United States v. DiFrancesco,* 449 U. S. 117, 136-137 (IV) (D) (101 SCt 426, 66 LE2d 328) (1980) (statute authorizing the imposition of an increased sentence for a "convicted dangerous special offender," and which granted the government the right to seek appellate review of any such sentence, did not violate a defendant's rights against double jeopardy); *Wilford*, 278 Ga. at 720 (defendant's double jeopardy rights were not implicated when his first offender status was revoked while he was still serving his probation and before he had been discharged; statute allowed a trial court, during the probationary period, to revoke probation, adjudicate guilt, and impose sentence if the court discovered that the defendant had been ineligible for first offender treatment and accordingly, the defendant had no reasonable expectation in the finality of his sentence at the time probation was imposed).[5]

---

[5] Unlike the First Offender Act (OCGA § 42-8-60), which was at issue in *Wilford*, OCGA § 16-13-2 does not contain any provision that allows a court to revoke probation if it finds that a defendant was ineligible for conditional discharge

8

Furthermore, the trial court's reasoning fails to acknowledge or apply the relevant statutory language. As noted above, OCGA § 16-13-2 (a) provides that "*[u]pon violation of a term or condition [of probation]*, the court may enter an adjudication of guilt to proceed accordingly. Upon fulfillment of the terms and conditions, the court *shall discharge* the person *and dismiss* the proceedings against him." OCGA § 16-13-2 (a). (Emphasis supplied.) This unambiguous language makes clear that only one of two things can happen to a defendant being adjudicated under the statute: that "person is either exonerated of guilt and stands discharged as a matter of law upon completion of the term of probation . . . or [is] adjudicated guilty in a petition *filed prior to the expiration of the [probationary term]*." (Emphasis supplied.) *Collins v. State*, 338 Ga. App. 886, 889 (1) (792 SE2d 134) (2016) (construing OCGA § 42-8-60). Accordingly, under either the First Offender or the Conditional Discharge Statute, unless the defendant's probation is revoked while he is serving that probation, there can be no conviction and, therefore, there can be no sentence. *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000) (the first offender

status under the statute. We assume for purposes of this appeal, however, that a trial court could revoke probation imposed under OCGA § 16-13-2 if the court discovered, during the probationary period, that the defendant had lied about his eligibility for a conditional discharge.

9

statutory scheme grants the defendant "probation status and eventually the probation is either revoked or it is discharged; unless it is revoked, there is no conviction").

Given that there can be no conviction or sentence under OCGA § 16-13-2 in the absence of a probation revocation, the order of discharge was *not* a sentencing order and it was not subject to modification as such. Instead, it was an order discharging Whipkey from probation and dismissing the case against him. See OCGA § 16-13-2 (a). See also Black's Law Dictionary (11th Ed. 2019) (defining "discharge" as, inter alia, "[t]he dismissal of a case"). And "[u]nder Georgia law, the unqualified dismissal of the case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity." *Lewis v. City of Savannah*, 336 Ga. App. 126, 129 (1) (784 SE2d 1) (2016). Thus, the trial court was without jurisdiction to set aside the discharge order under the guise of sentence modification, and it erred in finding to the contrary.

2. Despite the errors in the trial court's analysis, we nevertheless find that because the State asserted that the discharge order resulted from perjury, the trial court had jurisdiction to decide the State's motion. Under OCGA § 17-1-4, "[a]ny judgment, verdict, rule, or order of court which may have been obtained or entered shall be set aside and be of no effect if it appears that the same was entered in

10

consequence of corrupt and willful perjury." To be entitled to have an order or judgment set aside under this statute, however, the party seeking relief must show that the person providing the perjured testimony has been convicted of perjury as a result of his testimony. OCGA § 17-1-4. Here, however, the State came forward with no evidence showing that it had convicted Whipkey of perjury as a result of his testimony at the plea hearing. Accordingly, the trial court erred when it granted the State's motion to set aside the discharge order.[6]

*Judgment reversed. Miller, P. J., and Reese, J., concur.*

---

[6] It is possible that the trial court could have exercised jurisdiction under OCGA § 17-9-4. As noted above, that statute allows a court to set aside a void judgment in a criminal case. And in the civil context, a judgment procured by fraud is considered void. See *Austin v. Cohen*, 268 Ga. App. 650, 655 (1) (602 SE2d 146) (2004); *Herringdine v. Nalley Equipment Leasing, Ltd.*, 238 Ga. App. 210, 216-217 (4) (517 SE2d 571) (1999); OCGA § 9-11-60 (d) (2). Even assuming that this same rule applies in the criminal context, however, the State would not be entitled to relief in this case. A party who seeks to have a judgment set aside as a result of fraud bears the burden of showing three things: (1) the fraud was perpetrated by the opposing party and/or his attorney, *Pike v. Andrews*, 210 Ga. 553, 555 (81 SE2d 817) (1954); (2) the party seeking the relief had no knowledge of the fraud, *Bennett v. State*, 268 Ga. 849, 850 (494 SE2d 330) (1998); and (3) that party could not have discovered the fraud by exercising reasonable diligence, *Smith v. Smith*, 225 Ga. 799, 801 (1) (171 SE2d 524) (1969). See also *Herrigndine*, 238 Ga. App. at 216-217 (4). The State, however, could not meet this burden. Given the prosecutor's admission at the hearing on the motion to set aside, that the State was in possession of Whipkey's criminal history record information at the time it agreed to allow Whipkey to plead under OCGA § 16-13-2, the State had knowledge of the fraud being perpetrated on the court

11